(C.R.D. 79-3)

NADEL & SONS TOY CORP. *v.* UNITED STATES

Court Nos. 66/56409, etc.

(Dated January 10, 1979)

*Mandel & Grunfeld (Steven P. Florsheim* of counsel) for the plaintiff.
*Barbara Allen Babcock,* Assistant Attorney General (*Robert H. White,* trial attorney), for the defendant.

MALETZ, Judge: In this case, the court on December 18, 1978 denied plaintiff's motion for summary judgment "on the ground that genuine issues of fact exist which require a trial." Plaintiff has now filed a "request" that the court "issue a written opinion or a statement of findings of fact and conclusions of law concerning the court's denial" of its summary judgment motion. For the reasons that follow, the request is denied.

In support of its request, plaintiff argues that by reason of 28 U.S.C. 2638(a) "where, as in the instant matter, a judge of the U.S. Customs Court denies the relief requested in a dispositive motion (such as a motion for summary judgment), the judge is *required* to state the reasons for his decision, either through a written opinion or findings of fact and conclusions of law." [Italics added.] The argument is totally untenable.

28 U.S.C. 2638(a) provides:

> A decision of the judge in a contested case shall be supported by either (1) a statement of findings of fact and conclusions of law, or (2) an opinion stating the reasons and facts upon which the decision is based.

This provision, however, is applicable only to a *final* decision of a judge of this court, i.e., a decision which is appealable as a matter of right. This is evident from the language of 28 U.S.C. 2638(b) which provides that "the decision of the judge is *final and conclusive,* unless a retrial or rehearing is granted * * * or an appeal is made to the Court of Customs and Patent Appeals * * * ." [Italics added.] See also H. Rept. 91-1067 (91st Cong., 2d sess., 1970) page 21.

It is to be added that the denial of a motion for summary judgment is of course not a final decision but an interlocutory order, an appeal from which may not be had in the absence of certification. Considered in that light, plaintiff's argument carried to its logical conclusion would

lead to the absurdity that any interlocutory order—even an order granting or denying an extension of time for filing a brief—must necessarily be accompanied by an opinion or findings of fact.

The fact of the matter is that whether the court should or should not render an opinion or findings of fact to accompany its denial of a motion for summary judgment is entirely within the discretion of the court. This is demonstrated by rule 8.2(e) of the court which reads as follows:

> (e) *Action Not Fully Adjudicated on Motion.*—If, on motion under this rule, judgment is not rendered upon the whole action and a trial is necessary, the court may ascertain (if it is practicable to do so upon the basis of examining the pleadings and the evidence before it and interrogating counsel) what material facts exist without genuine controversy and what material facts are actually in good faith controverted. It shall thereupon, if practicable, make an order specifying the facts that appear to be without genuine controversy, and they shall be deemed established for all purposes in the action.
>
> The court may make any other order as may aid in the disposition of the action.[1]

Plaintiff further argues that a court opinion is necessary to apprise it as to what issues require trial. Such information, plaintiff says, is required so as to enable it to bring the case to a conclusion in the most efficient, speedy and inexpensive manner possible. But this argument misconceives the basic function of this—or any other article III court. For it is not the function of an article III court to render advisory opinions; rather, the function of an article III court is to decide cases and controversies.

Finally, plaintiff states that since the Customs Courts Act of 1970, it has been the generally accepted practice of this court to issue opinions upon denial of motions for summary judgment which usually have been published as "Customs Rules Decisions" (C.R.D.) and concludes that the instant matter merits a "C.R.D.". It is quite true that on numerous occasions the court has issued such opinions. However, this has been done as a matter of court discretion; it is not a required procedure.

---

[1] Compare rule 56(d) of the Federal Rules of Civil Procedure.